

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
ATTORNEY GENERAL


Honorable Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:                    Opinion No. O-2907

                             Re: Return of accumulated contributions
                                 upon death of member of Teacher
                                 Retirement System under will, when
                                 named beneficiary predeceases
                                 member and when funds still in
                                 custody of System at death of
                                 beneficiary.

We are in receipt of your recent request for an opinion by
this department in which you present the following state of
facts:

Edith Sparra and Annie Katherine Sparra, sisters, were members
of the Teachers Retirement System of Texas and on forms pro-
vided for that purposes each designated the other as benefici-
ary to receive the return of their respective accumulated con-
tributions in case of death before retirement. While her
designation was outstanding, Edith Sparra died on September 18,
1940. On September 21, 1940, Annie Katherine Sparra made the
following will:

     "I bequeathe all of my earthly goods to Mrs. Karen
     Sparra Rogers."

Before the accumulated contributions of Edith Sparra, deceased,
could be paid to Annie Katherine Sparra, the beneficiary,
Annie Sparra died on October 14, 1940, and the above quoted
will was duly proved and admitted to probate. The designation
of beneficiary of Annie Katherine Sparra, which is still on
file in your office, names Edith Sparra as beneficiary and
has not been changed unless the above quoted will disposes
of the accumulated contributions.

The printed form for designation of beneficiary used by your
office and which was signed by each of the deceased members in
question contains the following language:

     "Should the beneficiary named above die before me and I

fail to name another, it is understood that my accumulated contributions shall be paid as provided by the laws of descent and distribution of Texas."

Your letter continues as follows:

"The question of whether or not the execution of this will on September 21 (three days after the death of Edith Sparra) could be interpreted as naming another beneficiary to receive the return of the accumulated contributions is a point of concern to this office.

"1. Is the Teacher Retirement System correct in the assumption that the accumulated contributions of Edith Sparra, deceased, should be paid to Mrs. Karen Sparra Rogers?

"2. Would the Teacher Retirement System of Texas be acting in accordance with the law and be protected against any further claim in regard to the accumulated contributions of Annie Katherine Sparra, deceased, if the accumulated contributions of Annie Katherine Sparra, deceased, were paid to Mrs. Karen Sparra Rogers?

"3. If your answer to Question No. 2 is in the negative, how should the accumulated contributions of Annie Katherine Sparra, deceased, be handled?"

It is our opinion that you are correct in your assumption that the accumulated contributions of Edith Sparra, deceased, should be paid to Mrs. Karen Sparra Rogers under the will of Annie Katherine Sparra.

Section 5, Subsection 6, of the Teacher Retirement Act (S.B.47, 45th Leg.) contains the following provision:

"Should a member die before retirement, the amount of his accumulated contributions standing to the credit of his individual account shall be paid as provided by the laws of descent and distribution of Texas unless he has directed the acount to be paid otherwise."

Edith Sparra has directed that her account be paid to her sister Annie Katherine Sparra. Upon the death of Edith Sparra, her living beneficiary, Annie Katherine Sparra, became entitled to the accumulated contributions of her sister under the express terms of the designation on file in your office. (See Opinion 0-2009, rendered to your department on March 20, 1940). The interest of the designated beneficiary vested upon the death of the member and the fact that payment had not been completed prior to the death of such beneficiary would not defeat her interest in the fund but the same would be subject to disposition as other property in her estate. (Further discussion and

citation may be found in Opinion No. O-2009).

The section of the Retirement Act quoted above does not expressly require any particular form or method for designating a "beneficiary" but merely provides that upon the death of the member his accumulated contributions shall be paid as provided by the laws of descent and distribution"unless he has directed the account to be paid otherwise." Although there will necessarily be some question upon this point until the courts have passed upon the issue, it is our opinion, that when a beneficiary has not been otherwise designated, or other direction given to pay the account, the accumulated contributions standing in the account of the member may be disposed of by will. Former opinions by this department have never specifically decided this point but various expressions therein would seem to support this proposition. In certain types of designations of beneficiaries in life insurance, it has been held that the beneficiary acquires a vested interest in the proceeds of the policy prior to the death of the insured, which rule is based upon contract or applicable statutes. 29 Am. Jur. p. 948 et seq; 14 R. C. L. p. 1378 et seq. In other cases the beneficiary is held to have a mere expectency. In the case of wills, if a devisee or legatee predeceases the testator the gift as to him is deemed to have failed or lapsed. 44 Tex. Jur. p. 805, § 237. The provision in the Act in question authorizing a member to direct the payment of his accumulated contributions, does not, in our opinion, contemplate that the mere naming of a person to take the fund upon the death of the member, should create a presently vested right in the so-called beneficiary. In support of this conclusion we refer to Opinion No. O-129, Conference Opinion No. 3055, written by the present Chief Justice of the Texas Supreme Court wherein it is stated:

"With respect to the provision of the Act which declares that a member while living may appoint in writing a person to receive at the death of the member the residue of his or her benefits, whether called 'Returned Contributions,' 'Retirement Benefits' or 'Annuity,' it is to be noted that such appointment does not give to the appointee any present interest in such benefits during the life of the member. As to such appointee the title to such residue does not vest absolutely until the death of the member. Of such an appointment is made, however, and it is not subsequently revoked by the member, it would entitle the appointee to receive such residue of the member's benefits for the reason that this Act specifically so provides. In this respect the statute is similar to the provisions usually contained in ordinary life insurance policies, which authorize the insured to appoint, in writing, a substitute beneficiary. Such an appointment, as provided for in this Act, it is believed, may be recalled or revoked by the member."

The language quoted above from the designation of beneficiary form, to which you call our attention, is susceptible to the construction that it is a further or substitute designation of the heirs, in the event the person named therein dies before the member. Upon consideration of the form as a whole, however, and its reference to the statute, we think this is not the true purpose of the language. It apparently recognizes a lapse of the designation in the event the beneficiary predeceases the member and is intended to refer back to the statute with the understanding that unless the member gives further direction, the accumulations will be paid under the laws of descent and distribution as provided in the Act.

It is our opinion that when the designated beneficiary of Edith Sparra predeceased her, such designation failed and lapsed, and that the subsequent will of Annie Katherine Sparra leaving all her earthly goods to Mrs. Karen Sparra Rogers, with no other direction or designation outstanding, was a sufficient direction to pay her accumulated contributions within the terms of the statute. It follows that in our opinion you may pay to Mrs. Karen Sparra Rogers the accumulated contributions of Annie Katherine Sparra and Edith Sparra, both deceased.

In view of the foregoing, your third question does not require an answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Cecil C. Cammack

By

Cecil C. Cammack
Assistant

CCC:EP/cg

APPROVED DEC. 18, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman